**In the Matter of Deanna L. ROBERDS.**

**No. CX–91–681.**

Court of Appeals of Minnesota.

Aug. 13, 1991.

Patrick J. Connor, Minneapolis, for appellant Roberds.

Michael O. Freeman, Hennepin County Atty., Margaret A. Daly, Asst. County Atty., Minneapolis, for respondent.

Considered and decided by KLAPHAKE, P.J., and LANSING and DAVIES, JJ.

## OPINION

LANSING, Judge.

On appeal from the trial court's revocation of a stayed mental illness commitment, Deanna Roberds challenges the sufficiency of the evidence to support the revocation and her commitment to the Anoka–Metro Regional Treatment Center. We affirm.

## FACTS

Deanna Roberds admitted the facts of a commitment petition at a January 30, 1991 hearing. The court found Roberds to be committably mentally ill, suffering from manic depressive illness, but stayed her commitment to the Anoka–Metro Regional Treatment Center for six months on specific conditions, including (1) remaining at Hennepin County Medical Center until discharged; (2) following all hospital after-care treatment plans; (3) completing all treatment plans; (4) cooperating with the medical center staff; (5) taking all prescribed medication; (6) cooperating with her monitoring social worker; and (7) allowing her home to be cleaned to satisfy Hennepin County housing standards.

Roberds was discharged from the medical center on February 21, 1991. The monitoring social worker scheduled a March 1 meeting with Roberds at Roberds' home. In a telephone conversation on February 28, Roberds stated that she would not meet with the social worker on March 1. Roberds also admitted to heavy drinking. On March 1, Roberds left rambling and disorganized messages on the social worker's telephone answering machine. The messages included additional admissions of drinking and repeated Roberds' intent to deny the social worker entry to Roberds' house. The social worker, accompanied by a police squad, went to Roberds' house on March 1. Roberds refused to answer the door and the police entered forcibly.

After a hearing on March 8, 1991, the trial court concluded that Roberds had substantially violated integral conditions of the commitment stay by (1) failing to follow hospital after-care plans; (2) refusing to cooperate with the monitoring social worker; and (3) failing to maintain housing standards. The court revoked the stay and committed Roberds to the Anoka–Metro Regional Treatment Center. Roberds appeals.

## ISSUES

1. Did the evidence at the hearing establish that Roberds violated the terms of her stay?

2. Did the trial court improperly fail to consider less restrictive alternatives than commitment to Anoka–Metro Regional Treatment Center?

## ANALYSIS

### I

A trial court may stay a mental illness commitment order. Minn.Stat. § 253B.095, subd. 1 (1990). When the stay extends beyond 14 days, the written order must include specific conditions by which the person may avoid imposition of the stayed

order. *Id.* subd. 2. A case manager is assigned to monitor the person's condition and to report immediately any substantial failure of compliance with the conditions of release. *Id.* subd. 4. After notice and a hearing, the court may revoke the release and order commitment. *Id.* subd. 7.

■ Roberds claimed the stay was improperly revoked because there was no material violation of the terms of the commitment order. Although Minn.Stat. § 253B.095 does not specify that a violation be material, subdivision 4 provides that the case manager shall immediately report a "substantial" failure to comply. The trial court properly used the standard of "substantial" failure to evaluate Roberds' compliance with the conditions of the stay. The substantial failure must be shown by clear and convincing evidence because a revocation of the stay affects Roberds' liberty interests. *See* Minn.Stat. § 253B.09, subd. 1; *In re Peterson*, 446 N.W.2d 669, 672 (Minn.App.1989), *pet. for rev. denied* (Minn. Dec. 1, 1989).

■ The record establishes that Roberds failed or was unable to comply with the terms of the stay. She canceled her appointment with her monitoring social worker and told the social worker she would not permit her entry to the house. Despite the request of the hospital staff that she come to the hospital for observation, Roberds refused to make an appointment. The condition of Roberds' house had again deteriorated to a nearly uninhabitable state. Although it was not proved that Roberds had failed to take her prescribed medication, her mental state, evidenced by her testimony, had regressed, and she was drinking, in her own words, a "great deal."

The failure to make an appointment at the hospital and the deterioration of Roberds' living conditions may not be individually sufficient to justify a revocation of the stay. However, Roberds' failure to maintain scheduled contact with the social worker monitoring her stayed commitment is pivotal to the stay. In the context of Roberds' mental condition, excessive drinking, and unsafe housing conditions, the violations are substantial, and the trial court's findings and conclusions are not clearly erroneous. *See* Minn.R.Civ.P. 52.01.

## II

The original order committed Roberds to the Anoka–Metro Regional Treatment Center. In staying the commitment, the court permitted Roberds to remain at the Hennepin County Medical Center, and if Roberds followed the conditions of the stay after discharge, commitment to Anoka would not be required. Roberds argues that even if the revocation of the stay is appropriate, the least restrictive alternative was either a continued discharge with ongoing care through Hennepin County Medical Center or rehospitalization at the medical center for further stabilization and later discharge.

■ The procedures for revoking a stay do not specifically require that the court consider alternative or least restrictive dispositions. *See* Minn.Stat. § 253B.095. The absence of such a requirement is logically connected to the procedure. When the commitment order is stayed, the court releases the person to the least restrictive alternative. If the stay must be revoked, the lesser restriction has failed and the commitment is appropriate. We recognize, however, that it is the revocation of the stay that results in the practical, if not the legal, commitment. For this reason, it is appropriate for the trial court to consider any less restrictive alternatives and review placement in light of present circumstances. *See* Minn.Stat. § 253B.09, subd. 1 (court committing person as mentally ill must consider alternative dispositions). Because Roberds' commitment order was entered only 45 days before the revocation, the consideration of alternatives was recent. The record does not demonstrate a significant change in Roberds' condition, except a deterioration after her release from the medical center. For these reasons, the failure to formally consider less restrictive alternatives, if any, is not error.

## DECISION

We affirm the trial court's order.

Affirmed.